UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CR-177-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GEORGE MULRAIN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to U.S.S.C. Amendment 821. (Doc. No. 28). The Government has filed a response in opposition. (Doc. No. 34). Although Defendant is eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

### I. Background

In May 2020, a federal grand jury indicted Defendant George Mulrain ("Defendant") and charged him with carjacking, 18 U.S.C. § 2119; brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 1). Defendant pleaded guilty to all three offenses. (Doc. No. 24).

This Court's probation office submitted a presentence report and calculated a total offense level of 19 for the carjacking and felon-in-possession offenses. (Id.). The probation office assessed Defendant three criminal history points based on prior convictions and two because he committed the offense while on probation. (Id.). The probation office concluded that the Sentencing Guidelines advised a sentence of between 37 and 46 months in prison for the carjacking and felon-in-possession offenses. (Id.). Defendant also faced a mandatory consecutive

sentence of 84 months in prison for the § 924(c) firearm offense. (Id.).

This Court sentenced Defendant to 37 months in prison for the carjacking and felon-in-possession offenses and to a consecutive sentence of 84 months in prison for the § 924(c) firearm offense, for an aggregate sentence of 121 months. (Id.). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines. A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have

the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.     Analysis**

The Government concedes that Defendant is eligible for sentence reduction under Amendment 821. Defendant received two criminal history points for committing the offenses while on probation, a criminal justice sentence. Under Amendment 821, he would not have received those criminal history points because he received fewer than seven criminal history points related to prior convictions. Without those two criminal-history points, Defendant's criminal history category would be reduced from category III to category II. See U.S.S.G. ch. 5, part A. Consequently, Defendant's advisory guideline range for the carjacking and felon-in-possession offenses would be reduced to 33 to 41 months in prison. Thus, Defendant is eligible for an aggregate sentence reduction to 117 months in prison.

However, the Court agrees with the Government that a sentence reduction is inappropriate in this case and will, in its discretion, deny Defendant's motion. The sentencing factors of 18 U.S.C. § 3553(a) include the nature and circumstances of Defendant's offense

conduct, the Defendant's history and characteristics, the need for deterrence, and the need to protect the public. Here, Defendant's offense conduct was serious, his criminal history includes firearm and breaking-and-entering offenses, and he committed nine disciplinary infractions while in prison, including possessing a dangerous weapon, bribing an official, and assault without serious injury. The Court concludes that, in light of the 18 U.S.C. § 3553(a) factors, Defendant's 121-month sentence is sufficient but not greater than necessary.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence pursuant to U.S.S.C. Amendment 821, (Doc. No. 28), is **DENIED**.

Signed: October 25, 2024

*[signature]*

Max O. Cogburn Jr.
United States District Judge